IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

APAC-SOUTHEAST, INC., )
)
    Plaintiff, )
)
v. ) CASE NO. CV410-109
)
MALPHRUS CONSTRUCTION )
COMPANY, INC., )
)
    Defendant. )
)

## O R D E R

Before the Court is Plaintiff's Report on Arbitration and Motion to Confirm Award. (Doc. 36.) In the report, Plaintiff states that arbitration has been completed in this case and requests that the Court confirm the arbitrator's award. (Id. at 1.) After careful consideration, the Court finds that this motion must be **GRANTED**.

On May 7, 2010, Plaintiff filed a complaint in this Court, alleging that Defendant failed to pay for work completed under the terms of a construction subcontract. Pursuant to the terms of the subcontract,[1] the parties filed a Consent Motion to Stay Litigation and to Compel

---

[1] The subcontract allowed Defendant, at its discretion, to have this matter settled in arbitration. (Doc. 29, Ex. A ¶ 27.1.)

Arbitration (Doc. 29), which this Court granted on November 24, 2010.

According to Plaintiff, Defendant's counsel withdrew from his representation after the arbitration had been scheduled, but before it was conducted. (Doc. 36 at 1-2.) The Magistrate Judge granted counsel's request to withdraw on January 21, 2011 (Doc. 33) and Mr. Gregg Malphrus was designated as Defendant's representative for the arbitration (Doc. 36 at 2). However, Mr. Malphrus failed to participate in any part of the arbitration, despite being provided notice of each proceeding. (Id.) After reviewing Plaintiff's evidence, the arbitrator awarded Plaintiff $315,157.26, representing the balance owed to Plaintiff under the contract. (Doc. 36 Ex. A at 2.) In addition, the arbitrator awarded Plaintiff $45,899.23 in prejudgment interest, $19,029.93 in attorney's fees, and $7,425.40 in fees and expenses. (Id.) Plaintiff now requests that, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, this Court confirm the arbitration award and enter the corresponding judgment in its favor. (Id. at 1.) Defendant did not respond to Plaintiff's motion.

A Court with jurisdiction over the underlying claim retains the power to confirm any resulting arbitration

2

award. See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193, 202-03 (2000); Marine Transit Corp. v. Dreyfus, 284 U.S. 263, 275-76 (1932). In addition, the arbitration agreement between the parties allows for any arbitration award to be reduced to judgment by any Court of competent jurisdiction. (Doc. 29, Ex. A ¶ 27.1.) Satisfied that the requirements of the FAA have been met, Plaintiff's motion is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff according to the terms of the arbitrator's award (Doc. 36, Ex. A at 2) and close this case.

SO ORDERED this 12th day of August 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA